[724 NYS2d 79]

In the Matter of JOHN J. NAPOLITANO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 7, 2001

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated March 20, 2000, containing three charges of professional misconduct. Charge One was amended by stipulation, and the respondent admitted the factual allegations contained in the amended charge. However, he denied the remaining allegations and that he was guilty of any professional misconduct. After a hearing on May 24, 2000, the Special Referee sustained all three charges. The petitioner moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the report of the Special Referee insofar as he sustained Charges One and Two, and contends that the sanction imposed should be limited to a public censure.

Charge One, as amended, alleged that the respondent engaged in conduct involving fraud, dishonesty, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). By opinion and order of this Court dated July 28, 1997, the respondent was suspended from the practice of law for a period of one year commencing August 28, 1997, and continuing until further order of the Court. That opinion and order, which directed the respondent to desist and refrain, *inter alia,* from holding himself out in any way as an attorney and counselor-at-law, is still in effect. There has been no order reinstating the respondent to the practice of law.

Before his suspension, the respondent performed legal services for Jodha Laloo, also known as Ajay S. Ahluwalia. His fee was secured by a mortgage on Laloo's property. On or about April 10, 1998, the respondent dictated a letter to the Federal National Title Insurance Company of New York, which was printed on the letterhead of the law firm of Napolitano & Napolitano, in an attempt to collect his fee. After his suspension from the practice of law, the respondent's sons, John and Peter Napolitano, operated the law firm. The respondent's use of that letterhead was unauthorized by the firm. Moreover, the purported signature of the respondent's son, John Napolitano, was affixed to the letter without authorization.

Charge Two alleged that, based on the factual allegations contained in Charge One, the respondent violated the order of suspension and engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Three alleged that the respondent's letter dated April 10, 1998, improperly conditioned settling a claim for his legal fees on Laloo's withdrawal of his complaint to the Bar Association's grievance committee. Thus, the petition alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Based on the respondent's admissions and the evidence adduced at the hearing, all three charges were properly sustained by the Special Referee.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that Laloo's underlying complaint was without merit, that he was only trying to collect a valid debt, that his intent was not venal, and that he neither held himself out as an attorney nor engaged in the practice of law. The respondent also asks the Court to consider that his application to be reinstated to the practice of law was denied because of the pending disciplinary proceeding against him, and that as a result he has already been suspended for more than three years.

The respondent's prior disciplinary history consists of a one-year suspension, an admonition, and three letters of caution.

Under the totality of the circumstances, the respondent is suspended from the practice of law for an additional three years.

BRACKEN, P. J., RITTER, ALTMAN, KRAUSMAN and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm that portion of the Special Referee's report sustaining Charges One and Two is denied; and it is further,

Ordered that the respondent, John J. Napolitano, is suspended from the practice of law for a period of three years, commencing immediately, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the three-year period upon furnishing satisfactory proof that (a) during

that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John J. Napolitano, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.